R. Kyle Busse, OSB #070994
*kbusse@busseandhunt.com*
Kirsten Rush, OSB #124426
*krush@busseandhunt.com*
BUSSE & HUNT
521 American Bank Building
621 SW Morrison Street
Portland, OR 97205
Telephone: (503) 248-0504
Facsimile:  (503) 248-2131

      Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| BRAD AVAKIAN, Commissioner of the OREGON BUREAU OF LABOR AND INDUSTRIES,<br><br>      Plaintiff,<br><br> and<br><br>GREG ZAGEL,<br><br>      Proposed Plaintiff-Intervenor,<br><br>    v.<br><br>OSWEGO LENDER, LLC, d/b/a OSWEGO POINT APARTMENTS, and PRIME ADMINISTRATION, LLC, d/b/a PRIME GROUP, INC.,<br><br>      Defendants. | Case No. 3:15-CV-01074-BR<br><br>MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE |

/ / / /

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

MEMO IN SUPPORT OF MOTION TO INTERVENE
Page 1

Proposed Plaintiff-Intervenor Greg Zagel respectfully submits the following Memorandum in Support of his Unopposed Motion to Intervene.

## I.

## STATEMENT OF FACTS

This action was filed by BOLI on May 6, 2015 in Clackamas County Circuit Court. Proposed Plaintiff-Intervenor Greg Zagel ("Zagel") moved to intervene in Clackamas County as a matter of statutory right on May 21, 2015.  *See* Declaration of R. Kyle Busse in Support hereof, Exhibits 1 and 2.  Defendants did not submit briefing in opposition to this motion.  Pursuant to ORS 659A.885(10), Zagel is an aggrieved party entitled to intervene as of right and, has an unconditional right to intervene in Oregon state court under ORCP 33B.  While the state court motion to intervene was pending, Defendants removed this matter to federal court on June 18, 2015.  Clackamas County Circuit Court Judge Redman granted Zagel's motion to intervene on June 29, 2015.  Counsel for Zagel subsequently conferred with counsel for Defendants and it was agreed that, rather than submitting an Order to Clackamas County Circuit Court that would require an additional removal by Defendants, Zagel would intervene, unopposed, into the removed federal claim.

BOLI brought the existing action on behalf of Zagel for unlawful housing discrimination practices pursuant to ORS 659A.421 for housing discrimination based upon Zagel's religion and sexual orientation.  Particularly, as outlined in the Complaint, Zagel was subjected to harassment and discrimination by Defendants based upon his religion and sexual orientation.

/ / / /

/ / / /

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

MEMO IN SUPPORT OF MOTION TO INTERVENE
Page 2

## II.

## ARGUMENT

**A.      Zagel is Entitled to Intervene as a Matter of Right.**

Federal Rule of Civil Procedure 24(a)(2) requires the court to permit intervention on

timely motion where a person "claims an interest relating to the property or transaction that is the

subject of the action, and is so situated that disposing of the action may as a practical matter

impair or impede the movant's ability to protect its interest. . . ."[1]  The Ninth Circuit applies a

four-part test to in analyzing a motion under Rule 24(a)(2).  Under this test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly
> protectable" interest relating to the property or transaction which is the
> subject of the action; (3) the applicant must be so situated that the
> disposition of the action may as a practical matter impair or impede its
> ability to protect that interest; and (4) the applicant's interest must be
> inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011)(quoting *Sierra Club v.*

*United States EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).  The test is applied "liberally in favor of

potential intervenors" and a court's analysis "is 'guided by primarily by practical considerations,'

not technical distinctions."  *SW Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 818 (9th Cir.

2001) (quoting *United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986)).  When ruling on

a motion to intervene, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the

motion to intervene, the proposed complaint or answer in intervention, and declarations

---

[1] FRCP 24(a)(1) provides an unconditional right to intervene by federal statute.  While
the Fair Housing Act provides an unconditional right to intervene pursuant to 42 U.S.C. §
3612(o)(2), because Zagel's claims are brought pursuant to analogous state law, this motion
addresses the intervention as of right under Rule 24(a)(2) and in the alternative, permissibly
under Rule 24(b).

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

MEMO IN SUPPORT OF MOTION TO INTERVENE
Page 3

supporting the motion as true. . . ." *Id.* at 820.  Here, Zagel satisfies each element of the four-part

test for determining when intervention as of right under FRCP 24(a)(2) is warranted.

        **1.**        **Zagel's Motion is Timely.**

      In analyzing the timeliness of a motion to intervene, courts look to (1) the stage of the

litigation; (2) the prejudice to other parties; and (3) the reason for and length of delay.  *San Jose*

*Mercury News, Inc. v. U.S. Dist. Court–N. Dist. (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999).

In this case, Zagel has filed this motion shortly after the case was removed and before the court

has issued any substantive orders. There has been no delay or prejudice to other parties.  In fact,

all parties have consented to this intervention.  This motion is also filed before a scheduled

settlement conference, in which all parties, including Zagel, will participate.  The motion is

therefore timely.  *See Id.* (finding motion timely filed when filed twelve weeks after basis for

intervening occurred); *PEST Comm. v. Miller*, 648 F. Supp. 2d 1202, 1212 (D. Nev. 2009)(motion

timely when filed during an early stage of proceedings, two months after filing); *Nikon Corp. v.*

*ASM Lithography B.V.*, 222 F.R.D. 647, 649-50 (N.D. Cal. 2004) (motion timely when no

dispositive motions decided, despite moving to intervene mid-discovery).

        **2.**        **Zagel Has Significant Legally Protectable Interests in the Subject of This**
                    **Litigation.**

      The second prong of the intervention analysis, the "Protectable interest" requirement, is

also satisfied by Zagel.  FRCP 24(a)(2) requires that an intervenor possess an interest relating to

the property or transaction that is the subject of the litigation.  This test is not stringent and only

requires:

/ / / /

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

      MEMO IN SUPPORT OF MOTION TO INTERVENE
      Page 4

> [W]hether an applicant for intervention demonstrates sufficient interest in the action is a practical, threshold inquiry.  No specific legal or equitable interest need be established.  It is generally enough that the interest asserted is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.

*Sw. Ctr. For Biological Diversity*, 268 F.3d at 818;  *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003) (an intervenor satisfies the relationship part of the significantly Protectable interest requirement if the resolution of the plaintiff's claims will actually affect the intervenor); *see also Wilderness Soc'y*, 630 F.3d at 1180 ("the operative inquiry should be whether the 'interest is Protectable under some law' and whether 'there is a relationship between the legally protected interest and the claims at issue.'") (quoting *Sierra Club*, 995 F.2d at 1484.  The Ninth Circuit has rejected the notion that Rule 24(a)(2) requires a specific legal or equitable interest.  Instead, "a party has a sufficient interest if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyear v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).  Here, Zagel's interests are directly affected by the pending litigation because the claims at issue are for conduct and actions that were directed at Zagel, and for which Zagel has a right to legal remedies.  The claims at issue are for housing discrimination suffered by Zagel and the outcome of those claims directly affects his rights.  *See Arakaki*, 324 F3d at 1084.  Thus, he has a protectable interest in the pending litigation.

### 3.    An Adverse Decision Would Impair Zagel's Interests.

FRCP 24(a)(2) requires that a person seeking to intervene as a matter of right be "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest."  The Rule does not require that the intervenor's interests would be legally impaired, instead it is enough that the intervenor's ability to protect its interests would be

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

MEMO IN SUPPORT OF MOTION TO INTERVENE
Page 5

impaired as a practical matter.  *SEC v. Navin*, 166 F.R.D 435, 440 (N.D. Cal 1995); *United States v. Oregon*, 839 F.2d 635, 638 (9th Cir. 1988).

Zagel's interests would be legally impaired by an adverse decision.  Here, an adverse judicial decision would foreclose Zagel's legal interests, which constitutes a significant impairment.  *See SEC v. Flight Transp. Corp.*, 699 F.2d 943, 948 (8th Cir. 1983); *Sierra Club*, 995 F.2d at 1486.  The current action is the only means for Zagel to pursue his interests and an adverse decision in the instant case would impede his ability to bring a case against defendants under the doctrine of res judicata.  Zagel would not be permitted to file a claim against Defendants if the existing case ended in an adverse decision.  Thus, Zagel's interests would be both legally and practically impaired.

### 4.    Zagel's Interests May Not Be Adequately Represented.

Zagel satisfies the final prong of the analysis because BOLI may not adequately represent his interests.  Under this element, courts consider:

> whether a present party will undoubtedly make all of the intervenor's arguments, whether a present party is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected.  The burden of showing inadequacy of representation is minimal. . .

*Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006).  The overall question is how the proposed intervenor's interest compares with the interests of existing parties and that the two parties' interests are not identical.  *Arakaki*, 324 F.3d at 1086.  Where the government has "the duty to serve two distinct interests, which are related, but not identical," and where an intervenor possesses only one of the interests, sufficient differentiation to support intervention exists.  *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538-39 (1972).  Here, although the BOLI

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

MEMO IN SUPPORT OF MOTION TO INTERVENE
Page 6

has an interest in the prevention of housing discrimination generally, neither the BOLI, nor the Department of Justice, has a specific duty to Zagel to advocate on his behalf or to make all arguments requested by Zagel.  Further, Zagel offers his own, first-person, account of the events that form the basis for the claims at issue in the case.  This is a necessary element to the proceedings that could be neglected if he were not able to participate as a party.  Thus, Zagel's interests are not adequately represented by BOLI.  Finally, as a matter of public policy, the fact that both Oregon and federal statutes permit aggrieved persons in housing discrimination cases to intervene as a matter of right supports the contention that an individual intervenor may not be adequately represented by a government plaintiff.  *See* ORS 659A.885(10); 42 U.S.C. § 3612(o)(2).

**B.      In the Alternative, Zagel Should be Permitted to Intervene Permissively.**

FRCP 24(b)(1)(B) allows permissive intervention where an applicant's claim or defense has questions of law or fact in common with the existing action.  The existence of a "common question" is liberally construed.  *Koote-nai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108-1109 (9th Cir. 2002).  The Ninth Circuit recognizes that permissive intervention should be granted where it will not unduly delay or prejudice the adjudication of an existing party's rights, where the intervenor's interest is not adequately represented by an existing party, and where judicial economy will benefit from the intervention.  *Venegas v. Skaggs*, 867 F.2d 527, 530-31 (9th Cir. 1989).  The legal requirements for permissive intervention are met here.  As explained above, this motion is timely and allowing Zagel to intervene will not delay litigation.  *See* Section II.A.1., *supra*.  Further, questions of law and fact are shared with the main parties: Zagel seeks to intervene to prosecute his housing discrimination claims against Defendants and Zagel's

BUSSE & HUNT
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

MEMO IN SUPPORT OF MOTION TO INTERVENE
Page 7

intervention will involve the same factual background as the existing action.  Zagel's intervention as a plaintiff, not bringing new claims, would neither delay the litigation nor alter the facts around which the claims revolve.  Indeed, permitting Zagel to intervene will "significantly contribute to full development of underlying factual issues." *Spangler v. Pasadena City Bd. Of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).   Further, permitting Zagel to intervene would not impede judicial economy because including Zagel in the action would not require the Court to decide novel or difficult issues of law or unduly complicate the case. *See Venegas*, 867 F.2d at 531; *Taylor Comm. Group, Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 389 (5th Cir. 1999).  Thus, Zagel meets the requirements for permissive intervention.

### III.

### CONCLUSION

For these reasons, Zagel respectfully requests that the Court grant his motion to intervene as a matter of right pursuance to FRCP 24(a)(2), or, in the alternative, permissively pursuant to Rule 24(b).

Dated this 24th day of August, 2015.

BUSSE & HUNT

s/ R. Kyle Busse
R. KYLE BUSSE, OSB #070994
KIRSTEN RUSH, OSB #124426
Of Attorneys for Proposed Plaintiff-Intervenor
 Greg Zagel

**BUSSE & HUNT**
621 SW Morrison St., Suite 521
Portland, OR  97205
Telephone: (503) 248-0504

MEMO IN SUPPORT OF MOTION TO INTERVENE
Page 8